THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MESRURE SEKENDUR, | CASE NO. 2:15-cv-01766-RAJ |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Mesrure Sekendur's Motion for Summary Judgment and on the United States' Motion for a Competency Hearing.  Dkt. ## 11, 13[1].  Ms. Sekendur seeks to invalidate the judgment liens asserted against her properties

---

[1] The Court strongly disfavors footnoted legal citations.  Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e).  Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult."  *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014).  The Court strongly discourages the parties from footnoting their legal

in Washington and Florida. The government believes that Ms. Sekendur is not competent to pursue this action in her individual capacity.

The Court **GRANTS** the government's motion for a competency hearing. Dkt. # 13. Accordingly, the Court **DENIES** Ms. Sekendur's Motion for Summary Judgment without prejudice. Dkt. # 11.

## I. BACKGROUND

Ms. Sekendur and her late husband, Nafiz Sekendur, had two sons, Batur and Oral Sekendur. Both sons were found in violation of the False Claims Act (FCA) and jointly and severally owe $1,524,264.50 as a result. Shortly after the court's FCA finding, Batur fraudulently transferred a boat to Ms. Sekendur to conceal his assets. Dkt. # 15; *see also Sekendur v. McCandliss*, No. 11 C 8981, 2013 WL 5346453, at *1 (N.D. Ill. 2013). Because the transfer was fraudulent, the boat was ultimately available for collection on the judgment.

In 2012, in a motion to set aside an entry of default judgment, Mr. and Mrs. Sekendur were presented to have "significant memory lapses." Dkt. #14-1 (Stewart Decl., Ex. 1.). The motion to set aside the default was only possible because Ms. Sekendur had "a lucid moment" in which she could get assistance from an attorney to file the motion. In support of that motion, Ms. Sekendur's son, Batur, stated in his affidavit that he "believ[ed his] parents are both mentally incompetent." Dkt. # 14-2 (Stewart Decl., Ex. 2.).

In 2013, in response to a government citation to discover assets, Ms. Sekendur's attorney notified the government that he "simply [did] not think [Ms. Sekendur] is mentally capable of swearing under oath to anything she states – written or orally." Dkt. # 14-3 (Stewart Decl., Ex. 3.). That attorney forwarded along medical records that indicated that Ms. Sekendur may have Alzheimer's dementia and memory loss. Dkt. # 14-4 (Stewart Decl., Ex. 4.). That same attorney expressed that "an individual other than [Batur and Oral

---

citations, and in this case much of their legal arguments, in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

1  Sekendur] actually be appointed as [his] clients' estate's guardian.  This way, regardless of
2  any family ties as a result of which Batur, and at times Oral, want to care for their parents, a
3  separate individual should manage [his] clients [sic.] finances."  Dkt. # 14-12 (Stewart Decl.,
4  Ex. 12.).

5       On August 6, 2013, the government recorded judgment liens against Ms. Sekendur's
6  properties in Washington and Florida based on her sons' alleged interests in those properties.
7  Dkt. # 15.  In January 2014, Ms. Sekendur began this current action to quiet title.  *Id.*  After
8  Ms. Sekendur, through counsel, filed a motion for summary judgment, the government
9  requested a hearing on Ms. Sekendur's competency.  The government appears to suggest that
10 Batur, through a broad power of attorney due to his mother's potential incompetency, has
11 been litigating this action through his mother and may also be controlling her assets.

13 **II. DISCUSSION**

14      Federal Rule of Civil Procedure 17(b)(1) dictates that state law must govern whether
15 an individual has the capacity to sue.  "In Washington, a guardian *ad litem* should be
16 appointed 'when the court is reasonably convinced that the litigant is not competent to
17 understand the significance of legal proceedings and the effect of such proceedings on the
18 litigant's best interests.'"  *Saunders v. King County*, No. C10-1456-RSM, 2012 U.S. Dist.
19 LEXIS 112885, *4-5 (W.D. Wash. 2012).  Here, the government presents significant and
20 abundant evidence that suggests that Ms. Sekendur may not understand the significance of
21 legal proceedings.  Therefore, a competency hearing is necessary to determine whether Ms.
22 Sekendur is competent to understand the significance of this litigation.

23      The Court will not entertain Ms. Sekendur's current attorney's suggestion to appoint
24 Karen Marie Thompson as Ms. Sekendur's guardian *ad litem* at this time.  If the hearing
25 results in a finding that Ms. Sekendur is not competent to understand the significance of the
26 legal proceedings, then both parties will have a chance to submit suggestions to the Court at
27 that time.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion for a competency hearing and **DENIES** without prejudice Ms. Sekendur's motion for summary judgment.

DATED this 25th day of July, 2016.

_____
The Honorable Richard A. Jones
United States District Judge